

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| LISA HERAVI, *et al.*, | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 7:20-cv-01054-LSC |
| COUNTRY MUTUAL INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF OPINION

Before the Court is Plaintiffs' Motion to Remand (doc. 7). The motion is fully briefed and is ripe for review. For the reasons stated below, Plaintiffs' motion is due to be granted.

## I.   BACKGROUND[1]

Plaintiffs Lisa Heravi ("Lisa") and Amir Heravi ("Amir") (collectively, "the Heravis" or "Plaintiffs"), who are citizens of Alabama, bring this action against Defendants Country Mutual Insurance Company ("Country Mutual"), CRDN of

---

[1]    The following facts are taken from Plaintiffs' Complaint (doc. 1-2), and the Court makes no ruling on their veracity.

Birmingham ("CRDN"), and Michael Watkins ("Watkins") (collectively, "Defendants"). The Heravis assert state law claims against Country Mutual for breach of contract and bad faith; CRDN for breach of contract and negligence; and Watkins for negligence.

On February 6, 2020, lightning struck the Heravis' residence causing a fire, which damaged their residence and personal property. The Heravis had an insurance policy with Country Mutual, which included replacement cost coverage for their residence and personal property.

The Heravis filed a claim with Country Mutual. Country Mutual inspected the Heravis' residence and did not deem it a total loss. Pursuant to the insurance contract, Country Mutual selected CRDN to remove and clean the Heravis' personal property damaged by the fire. The Heravis entered into a contract with CRDN "to transport, house and potentially restore personal property damaged by the fire and resulting smoke." (Doc. 1-2 at 4 ¶ 33.) Watkins, a manager at CRDN, contacted the Heravis to arrange for the transportation and cleaning of their items. Lisa instructed Watkins to wait to clean any personal property until she examined the items at CRDN. Watkins agreed to this request but proceeded to clean the Heravis' personal property prior to Lisa's inspection. The Heravis claim that "the

manner in which [their items] were stored and cleaned . . . caused additional damage to certain items of personal property." (*Id.* at ¶ 36.)

The Heravis initially filed suit in the Circuit Court of Tuscaloosa County, Alabama, on June 19, 2020. (Doc. 1-2.) Country Mutual filed a timely Notice of Removal on July 24, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* doc. 1.) Country Mutual acknowledges that Defendants are not completely diverse from the Heravis as CRDN and Watkins are also citizens of Alabama. However, Country Mutual asserts that CRDN and Watkins were fraudulently joined to destroy diversity, thus their citizenship should be disregarded.[2]

The Heravis filed a Motion to Remand on August 27, 2020, claiming that CRDN and Watkins were not fraudulently joined. (Doc. 7.) Country Mutual filed a response to the Heravis' motion on September 10, 2020. (Doc. 10.)

## II.   STANDARD OF REVIEW

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction.

---

[2]     CRDN and Watkins did not join in Country Mutual's Notice of Removal; however, because Country Mutual asserts that CRDN and Watkins were fraudulently joined, Country Mutual did not need their consent before removing this matter to federal court. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring only properly joined defendants join or consent to removal).

28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The removing party bears the burden of establishing that removal was proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citations and quotation marks omitted).

## III. DISCUSSION

The Heravis argue that this case should be remanded because although the amount in controversy requirement is satisfied for diversity jurisdiction, complete diversity among the parties is lacking. Country Mutual argues that CRDN and Watkins were fraudulently joined to destroy diversity, as (1) the Heravis cannot state a claim against CRDN and Watkins; and (2) the misjoinder of CRDN and Watkins is egregious and rises to the level of fraudulent joinder. Thus, Country Mutual asserts that the citizenship of CRDN and Watkins should be disregarded for the purposes of determining if the Court has subject matter jurisdiction over this matter.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). As relevant here, there are two types of fraudulent joinder. *Id.* One type of fraudulent joinder occurs when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* Another type of fraudulent joinder occurs when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

Concerning the first type of fraudulent joinder, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute*, 28 U.S.C. § 1441(a), *on other grounds as recognized in Stillwell*, 663 F.3d at 133). The pleading standard for surviving fraudulent joinder "is a lax one." *Id.* Rather than the

plausibility standard, which requires the complaint to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a claim of fraudulent joinder can be defeated by showing that the claim has "a possibility of stating a valid cause of action," *Stillwell*, 633 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287). When assessing possibility, the Eleventh Circuit has stated that "[i]n considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal quotations omitted). In other words, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Id.* (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

To determine whether a claim possibly states a valid cause of action, the court must look to the pleading standards of the state court rather than the federal court. *See Stillwell*, 633 F.3d at 1334. The Supreme Court of Alabama has stated that "a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Haywood v. Alexander*, 121 So. 3d 972, 974–75 (Ala. 2013) (quoting *Nance v.*

*Matthews*, 622 So. 2d 297, 299 (Ala. 1993)). Further, any ambiguities in the state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

At this stage, the Heravis state possible claims against CRDN and Watkins for negligence. At the pleading stage, a plaintiff need only allege that a defendant's negligence caused harm to the plaintiff. *See, e.g.*, *Knight v. Burns, Kirkley & Williams Constr. Co.*, 331 So. 2d 651, 654–55 (Ala. 1976); *McKelvin v. Smith*, 85 So. 3d 386, 390 (Ala. Civ. App. 2010). Here, the Heravis allege that Watkins, as the manager of CRDN, breached his duty owed to the Heravis when he began cleaning their personal property prior to inspection, and that the Heravis suffered damages as a result. Furthermore, the Heravis allege that CRDN is vicariously liable for Watkins' actions. That is all the Heravis need to plead for a negligence claim at this stage to survive a motion to dismiss.[3]

Additionally, the Heravis state a possible claim for breach of contract against CRDN. At the pleading stage, a plaintiff need only set forth "the essential facts constituting the breach" to show that a defendant failed to perform in accordance with the contract. *Dent v. De Fabritis*, 71 So. 2d 279, 280 (Ala. 1954); *see also DWOC,*

---

[3]    Country Mutual asserts that the hold harmless clause in the contract between the Heravis and CRDN bars any action against CRDN or Watkins. At this stage, it is not clear whether the hold harmless provision would bar the Heravis' claim against Watkins. Thus, Country Mutual has not met its burden to show that under no set of facts could the Heravis state a claim for negligence.

*LLC v. TRX All., Inc.*, 156 So. 3d 978, 983 (Ala. Civ. App. 2014) (stating that to survive a motion to dismiss, a plaintiff must allege that the defendant "breached a valid contract"). Here, the Heravis allege that CRDN cleaned their personal property before Lisa inspected the items, which constituted a breach for which the Heravis state they suffered damages. Thus, the Heravis state a possible claim against CRDN for breach of contract. Accordingly, Country Mutual has failed to meet its burden as to the first type of fraudulent joinder.

As to the second type of fraudulent joinder, Country Mutual has not met its heavy burden to demonstrate that there is no joint, several or alternative liability. Country Mutual argues that there is no joint or several liability, and that the Heravis have not demonstrated the existence of alternative liability; however, for the purposes of fraudulent joinder, the burden is on Country Mutual, not the Heravis.

Furthermore, the Heravis allege that there is a "logical connection" between the claims against CRDN, Watkins, and Country Mutual, thus arguing that joinder of these claims is not fraudulent. (Doc. 7 at 16.) Joinder of defendants is permissible when the claims against them arise from "the same transaction, occurrence or series of transactions or occurrences" and there may be "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A). The Eleventh Circuit uses a "logical relationship" test to determine whether claims arise out of the same

transaction or occurrence. *See Republic Health Corp. v. Lifemark Hosp. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (per curiam) (finding "a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant'" in the context of Rule 13(a) compulsory counterclaims (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)); *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (applying the "logical relationship" test for compulsory counterclaims to permissive joinder under Rule 20), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

Here, Country Mutual has not met its burden to show that there is no logical relationship between the claims against Defendants. The Heravis allege that because of CRDN and Watkins' actions, some of their personal property "would no longer be available for replacement cost coverage and the cleaning costs would erode the available limits of personal property coverage" relating to their insurance policy with Country Mutual. (Doc. 7 at 17.) Furthermore, the Heravis assert a claim against Country Mutual for breach of contract for failure to pay the full replacement value for their personal property. Thus, the Heravis argue that the claims against Country Mutual, CRDN and Watkins are logically related. While these claims may be

tenuously connected, "mere misjoinder" does not rise to the level of fraudulent joinder. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depo, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000). Rather, the misjoinder must be "egregious." *See id.* Country Mutual has not shown that there is no logical relationship between the claims such that the joinder of Defendants is egregious.

Additionally, Country Mutual has not shown by clear and convincing evidence that there are no common questions of law or fact between the claims brought against Country Mutual and the claims brought against CRDN and Watkins. *See Stillwell*, 663 F.3d at 1332. Country Mutual has not met its burden to show that the claims brought by the Heravis have no real connection to each other; therefore, the Court must consider the citizenship of Defendants for determining subject matter jurisdiction. As the Heravis and Defendants lack complete diversity, the Court does not have subject matter jurisdiction over this matter. Accordingly, the Heravis' Motion to Remand (doc. 7) is due to be granted.

## IV.  CONCLUSION

For the reasons state above, the Court lacks subject matter jurisdiction over this matter. Accordingly, the Heravis' Motion to Remand (doc. 7) is due to be granted, and this case is due to be remanded to the Circuit Court of Tuscaloosa

County, Alabama. CRDN's Motion to Dismiss (doc. 5) is due to be resolved by the state court as this Court lacks subject matter jurisdiction over this matter. A separate order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on March 8, 2021.

L. Scott Coogler
United States District Judge

202892